MICHAEL FAILLACE & ASSOCIATES, P.C.
60 EAST 42ND STREET, SUITE 4510
NEW YORK, NEW YORK 10165
(212) 317-1200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SEVERIANO FLORES ALONSO, *individually and*
*on behalf of others similarly situated,*

                *Plaintiff,*

         -against-

181 DUANE RISTORANTE INC. (d/b/a MAX
TRATTORIA ENOTECA) and LUIGI IASILLI,

              *Defendants.*
----------------------------------------------------------X

                    **COMPLAINT**

              **COLLECTIVE ACTION**
          **UNDER 29 U.S.C. § 216(b)**

                   **ECF Case**

         Plaintiff Severiano Flores Alonso ("Plaintiff Flores" or "Mr. Flores"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants 181 Duane Ristorante Inc.(d/b/a Max Trattoria Enoteca) ("Defendant Corporation") and Luigi Iasilli (collectively, "Defendants"), alleges as follows:

                    **<u>NATURE OF ACTION</u>**

        1.     Plaintiff Flores is a former employee of Defendants 181 Duane Ristorante Inc. (d/b/a Max Trattoria Enoteca) and Luigi Iasilli.

        2.     Max Trattoria Enoteca is an Italian restaurant owned by Luigi Iasilli located at 181 Duane Street, New York, NY 10013.

        3.     Upon information and belief, Defendant Luigi Iasilli serves or served as owner, manager, principal and/or agent of Defendant Corporation, and through this corporate entity operates the Italian restaurant.

4.      Plaintiff Flores is a former employee of Defendants.

5.      Plaintiff Flores was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cutting vegetables, taking out the trash, and stocking deliveries (hereinafter, "non-delivery, non-tip duties").

6.      At all times relevant to this Complaint, Plaintiff Flores worked for Defendants without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Flores the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Flores the required "spread of hours" pay for any day in which he worked over 10 hours.

9.      Defendants employed and accounted for Plaintiff Flores as a delivery worker in their payroll, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped duties alleged above.

10.     At all times, regardless of duties, Defendants paid Plaintiff Flores and all other delivery workers at a rate that was lower than or equal to the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Flores' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Flores's actual duties in payroll records to avoid paying Plaintiff Flores at the

minimum wage rate, and to enable them to pay Plaintiff Flores at the lower tip-credited rate (which they still failed to pay), by designating him as a delivery worker instead of a non-tipped employee.

13.    In addition, Defendants maintained a policy and practice of unlawfully appropriating a portion of Plaintiff Flores' tips whenever he made large catering deliveries.

14.    Defendants' conduct extended beyond Plaintiff Flores to all other similarly situated employees.

15.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Flores and other employees to work without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.    Plaintiff Flores now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), the "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

17.    Plaintiff Flores seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Flores' state law claims is conferred by 28 U.S.C. § 1367(a).

19.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Flores was employed by Defendants in this district.

## PARTIES

### Plaintiff Severiano Flores Alonso

20.    Plaintiff Flores is an adult individual residing in Union County, New Jersey.

21.    Plaintiff Flores was employed by Defendants as a delivery worker from approximately 2008 until on or about 2009 and then from approximately February 2010 until on or about September 25, 2016.

22.    Pursuant to 29 U.S.C. § 216(b), Plaintiff Flores consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### Defendants

23.    At all times relevant to this Complaint, Defendants owned, operated, and/or controlled an Italian restaurant located at 181 Duane Street, New York, NY 10013 under the name "Max Trattoria Enoteca".

24.    Upon information and belief, 181 Duane Ristorante Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 181 Duane Street, New York, NY 10013 and its principal executive office at 10 Barclay Street #16H, New York, NY 10007.

25.    Defendant Luigi Iasilli is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Iasilli is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Iasilli

possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or control or controlled significant functions of Defendant Corporation. Defendant Iasilli determined the wages and compensation of the employees of Defendants, including Plaintiff Flores, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

26.    Defendants operate or operated an Italian restaurant located in the Tribeca section of New York City at 181 Duane Street, New York, NY 10013.

27.    Individual Defendant Iasilli possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Flores' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Flores, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Flores, and all similarly situated individuals, and are Plaintiff Flores' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.    In the alternative, Defendants constituted a single employer of Plaintiff Flores and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendant Iasilli operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

     (a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

     (b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

     (c)    transferring assets and debts freely as between all Defendants;

     (d)    operating Defendant Corporation for his own benefit as the sole or majority shareholder;

     (e)    operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

     (f)    intermingling assets and debts of his own with Defendant Corporation;

     (g)    diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

     (h)    other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiff Flores' employers within the meaning of the FLSA and NYLL.

34.     Defendants had the power to hire and fire Plaintiff Flores, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Flores' services.

35.    In each year from 2011 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the Italian restaurant on a daily basis, such as vegetables, were produced outside of the State of New York.

*Individual Plaintiff*

37.    Plaintiff Flores is a former employee of Defendants ostensibly employed as a delivery worker, but who spent more than two hours a day performing the non-delivery, non-tip duties outlined above.

38.    Plaintiff Flores seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Severiano Flores Alonso*

39.    Plaintiff Flores was employed by Defendants from approximately 2008 until on or about 2009 and then from approximately February 2010 until on or about September 25, 2016.

40.    At all relevant times, Plaintiff Flores was ostensibly employed by Defendants as a delivery worker. However, Plaintiff Flores spent at least 20% of his hours of each work day performing the non-delivery, non-tip duties outlined above.

41.    Plaintiff Flores regularly handled goods in interstate commerce, such as vegetables, produced outside of the State of New York.

42.    Plaintiff Flores' work duties required neither discretion nor independent judgment.

43.    From approximately September 2011 until on or about December 2014, Plaintiff Flores worked from approximately 5:00 p.m. until on or about 11:00 p.m. six days per week (typically 36 hours per week).

44.    From approximately April 2015 until on or about September 2015, Plaintiff Flores worked from approximately 11:00 a.m. until on or about 4:00 p.m. and then from approximately 5:00 p.m. until on or about 11:00 p.m. six days per week (typically 66 hours per week).

45.    From approximately October 2015 until on or about September 2016, Plaintiff Flores worked from approximately 5:00 p.m. until on or about 11:00 p.m. five days per week (typically 30 hours per week).

46.    From approximately September 2011 until on or about April 2014, Defendants paid Plaintiff Flores his wages in cash.

47.    From approximately April 2014 until on or about September 25, 2016, Defendants paid Plaintiff Flores his wages by check.

48.    From approximately September 2011 until on or about March 2014, Defendants paid Plaintiff Flores $5.65 per hour.

49.    From approximately April 2014 until on or about December 2014, Defendants paid Plaintiff Flores $5.65 per hour five days per week and $15 per hour one day per week (Mondays).

50.    From approximately April 2015 until on or about December 2015, Defendants paid Plaintiff Flores $8 per hour and $12.38 per overtime hour.

51.    From approximately December 2015 until on or about March 2016, Defendants paid Plaintiff Flores $8 per hour and $12.50 per overtime hours.

52.    From approximately March 2016 until on or about September 2016, Defendants paid Plaintiff Flores $7.50 per hour.

53.    Throughout his employment with Defendants (except from approximately April 2015 until on or about September 2015), defendants did not grant Plaintiff Flores any breaks or meal periods of any kind.

8

54.     Plaintiff Flores was never notified by Defendants that his tips would be included as an offset for wages.

55.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Flores' wages.

56.     In addition, Defendants, withheld a portion of the tips clients paid Plaintiff Flores. Specifically, Defendants pocketed 13% of all the credit card tips clients wrote in for Plaintiff Flores. Plaintiff Flores estimates that he lost approximately $50 in tips he earned per week.

57.     Prior to April 2014, Defendants did not provide Plaintiff Flores with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

58.     Plaintiff Flores was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

59.     Defendants never provided Plaintiff Flores with a written notice, in English and in Spanish (Plaintiff Flores' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

61.     Defendants required Plaintiff Flores to purchase "tools of the trade" with his own funds—including two or three vests, four pairs of lights and three shirts per year.

*Defendants' General Employment Practices*

62.     Defendants regularly required their employees, including Plaintiff Flores, to work without paying them the proper minimum wage, overtime and spread of hours' compensation, as required by federal and state laws.

63.     Plaintiff Flores was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages he is owed for the hours he worked.

64.     Defendants' pay practices resulted in Plaintiff Flores not receiving payment for all his hours worked, resulting in Plaintiff Flores' effective rate of pay falling below the required minimum wage rate.

65.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Flores by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Flores of a portion of the tips earned during the course of employment.

66.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Flores, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

67.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

68.     Defendants failed to inform Plaintiff Flores that his tips would be credited towards the payment of the minimum wage.

69.     At no time did Defendants inform Plaintiff Flores that they had reduced his hourly wage by a tip allowance.

70.     Defendants failed to maintain a record of tips earned by Plaintiff Flores for the deliveries he made to customers.

71.     Defendants required all delivery workers, including Plaintiff Flores, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

72.    Plaintiff Flores, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-delivery, non-tipped duties.

73.    Plaintiff Flores and all other delivery workers were paid at a rate that was lower than or equal to the tip-credit rate required by NYLL.

74.    In addition, under state law, Defendants were not entitled to a tip credit because the delivery workers' and Plaintiff Flores' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

75.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received.  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

76.    The delivery workers' duties, including Plaintiff Flores's, were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

77.    In violation of federal and state law as codified above, Defendants classified Plaintiff Flores and other delivery workers as tipped employees but did not even pay them at the tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.    From approximately September 2011 until on or about April 2014, Defendants paid Plaintiff Flores his wages in cash.

79.    From approximately April 2014 until on or about September 25, 2016, Defendants paid Plaintiff Flores his wages by check.

80.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

81.     Upon information and belief, these practices were done to disguise the actual number of hours Plaintiff Flores, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked; (2) minimum wage; (3) overtime compensation when applicable; and, (4) spread of hours pay.

82.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Flores, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Flores's relative lack of sophistication in wage and hour laws.

83.     Defendants failed to provide Plaintiff Flores and other employees with accurate wage statements at all times with each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

84.     Defendants failed to provide Plaintiff Flores and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the

employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

85.     Plaintiff Flores brings his FLSA claims for minimum and overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA class members") who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

86.     At all relevant times, Plaintiff Flores and other members of the FLSA class who are and/or were similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Flores' wages for which Defendants did not qualify under the FLSA and willfully failing to keep records required by the FLSA.

87.     The claims of Plaintiff Flores stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

88.     Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

13

89.     At all times relevant to this action, Defendants were Plaintiff Flores' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Flores (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

90.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

92.     Defendants failed to pay Plaintiff Flores (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

93.     Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiff Flores (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA OVERTIME PROVISIONS

95.     Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiff Flores' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Flores (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

97.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

98.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

99.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Flores (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

100.     Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

101.     Plaintiff Flores (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

102.     Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

103.     At all times relevant to this action, Defendants were Plaintiff Flores' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Flores (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

104.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Flores (and the FLSA Class members) less than the minimum wage.

105.     Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

106.    Plaintiff Flores (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE NEW YORK LABOR LAW'S OVERTIME PROVISIONS

107.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Flores (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

109.    Defendants failed to pay Plaintiff Flores (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

110.    Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

111.    Plaintiff Flores (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMISSIONER OF LABOR

112.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

113.    Defendants failed to pay Plaintiff Flores one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Flores' spread of hours exceeded ten

hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

114.    Defendants' failure to pay Plaintiff Flores an additional hour's pay for each day Plaintiff Flores' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

115.    Plaintiff Flores was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NEW YORK LABOR LAW'S

## NOTICE AND RECORDKEEPING REQUIREMENTS

116.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

117.    Defendants failed to provide Plaintiff Flores with a written notice, in English and in Spanish (Plaintiff Flores' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

118.    Defendants are liable to Plaintiff Flores in the amount of $5,000, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE NEW YORK LABOR LAW'S

## WAGE STATEMENT PROVISIONS

119.    Plaintiff Flores repeats and realleges all paragraphs above as though set forth fully herein.

120.    Defendants did not provide Plaintiff Flores with a statement of wages with each payment of wages, as required by NYLL 195(3).

121.    Defendants are liable to Plaintiff Flores in the amount of $5,000, together with costs and attorney's fees.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN

## VIOLATION OF THE NEW YORK LABOR LAW

122.    Plaintiff Flores repeats and realleges all paragraphs above as though set forth fully herein.

123.    At all relevant times, Defendants were Plaintiff Flores' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

124.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

125.    Defendants unlawfully misappropriated a portion of Plaintiff Flores' tips that were received from customers.

126.    Defendants knowingly and intentionally retained a portion of Plaintiff Flores' tips in violations of the NYLL and supporting Department of Labor Regulations.

127.    Plaintiff Flores was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

128.    Plaintiff Flores repeats and realleges all paragraphs above as though set forth fully herein.

129.    Defendants required Plaintiff Flores to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as vests, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

130.    Plaintiff Flores has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Flores respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Flores  and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Flores and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Flores', and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Flores and the FLSA class members;

(f)    Awarding Plaintiff Flores and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)    Awarding Plaintiff Flores and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Flores;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Flores;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Flores ;

(k)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Flores', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Flores, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)    Declaring that Defendants violated the tip withholding provisions of the New York Labor Law, with respect to Plaintiff Flores  and the FLSA Class members';

(n)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order are willful as to Plaintiff Flores and the FLSA Class members';

(o)    Awarding Plaintiff Flores damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(p)    Awarding Plaintiff Flores damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)    Awarding Plaintiff Flores liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages

pursuant to NYLL § 198(3);

(r)    Declaring that Defendants' violations of NYLL § 191 were willful as to Plaintiff Flores and the FLSA class members;

(s)    Awarding Plaintiff Flores and the FLSA class members pre-judgment and post-judgment interest as applicable;

(t)    Awarding Plaintiff Flores and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(u)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(v)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Flores demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
         September 27, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ Michael Faillace
By:    Michael A. Faillace, Esq. [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         (212) 317-1200
         *Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

September 15, 2017

BY HAND

To: Clerk of Court,

    I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                    Severiano Flores Alonso

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:               Severiano fA

Date / Fecha:                   September 15, 2017