# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  
New York, New York 10165

jandrophy@faillacelaw.com

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  11/26/18
```

November 12, 2018

**MEMO ENDORSED**

*The settlement agreement reached by the parties is approved by the Court.*

**SO ORDERED:**

*Paul G. Gardephe*

Paul G. Gardephe, U.S.D.J.

Dated: Nov. 26, 2018

**VIA ECF**  
Honorable Paul G. Gardephe  
United States District Judge  
United States Courthouse  
40 Centre Street  
New York, NY 10007

Re:   **Flores Alonso v. 181 Duane Ristorante. et al**  
        **Case No. 17-cv-7381 (PGG) (HBP)**

Dear Judge Gardephe,

This firm represents the Plaintiff Severiano Flores Alonso in the above-referenced matter. Plaintiffs write jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

Plaintiff has agreed to settle all of their claims in this action. Specifically, the parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the parties after a settlement conference with the Honorable Magistrate Judge Pitman, and extensive follow up discussions among the parties' attorneys. The Agreement reflects a desire by the parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

November 12, 2018
Page 2

The parties have concluded that the Agreement is fair, reasonable, adequate, and in the parties' mutual best interests. For these reasons and based on the reasons set forth below, the parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

### I. Statement of the Case

This is an action for money damages brought by Plaintiff Severiano Flores Alonso. He brings this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL and violations of the New York Notice and Recordkeeping and Wage Statement Provisions, NYLL §195.

Specifically, Plaintiff was employed as a delivery worker by Defendants, who run an Italian restaurant. Plaintiff allege he was paid below the minimum wage required by federal and state law, and that during a period of time that he worked more than 40 hours per week, Defendants paid him below the legal overtime rate. At its essence, the action depended on whether Defendants were allowed to pay Plaintiff at the tip-credit minimum wage rate. Defendants argued that they were permitted to do so because Plaintiff worked as a delivery worker and received sufficient tips and notice. Plaintiff argued that Defendants failed to provide sufficient notice required by law of their intent to pay him at the tip credit rate. Plaintiff also alleged that Defendants withheld a portion of his tips, failed to pay spread of hours pay, and failed to properly provide accurate wage notices. A chart indicating Plaintiffs' alleged dates of employment, pay, and damages is annexed hereto as Exhibit B.

November 12, 2018
Page 3

Defendants deny the allegations and insist that Plaintiff was paid properly in accordance with the law concerning payment of delivery workers at a tip-credit rate. Defendants further allege that there are drastic inconsistencies between Plaintiff's allegations and the relevant time and pay records, which undercut Plaintiff's credibility with respect to their allegations.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $16,000.00 to settle all claims. Of this amount, $5,600.00 will be attorney's fees and costs in this matter, with the remainder to go to the Plaintiff. Plaintiff will thus recover $10,400 for himself. Due to Defendants' severe financial hardship, the settlement will be paid at $1,000 per month over 16 months.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. The Defendants also had limited ability to pay a settlement, and it would have been difficult, if not impossible, to enforce a large judgment against Defendants and collect it in full. Even if Plaintiff were to obtain a judgment for the full amount of their claimed damages, the documents produced by Defendants

Case 1:17-cv-07381-PGG-HBP Document 39 Filed 11/26/18 Page 4 of 6
Case 1:17-cv-07381-PGG-HBP Document 38 Filed 11/12/18 Page 4 of 6

November 12, 2018
Page 4

in the course of multiple settlement conversations show that Plaintiff would have unable been able to collect anything close to the full amount. Indeed, Defendants' restaurant is expected to close before the end of the year. The proposed settlement represents a reasonable compromise between the strength of Plaintiff's claims and Defendants' financial situation. In the event that Defendants default on the agreed-upon payment plan, Plaintiff is protected by a confession of judgment.

Considering the risks in this case outlined above, discussed *supra*, and consistent with the guidance of the Magistrate Judge, which was instrumental in helping the parties reach this agreement, Plaintiff believes that this settlement is an excellent result for the Plaintiffs, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III.  Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiffs, Plaintiffs' counsel will receive $5,600 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund plus costs and constitutes a reduction from the forty percent retainer rate reflected in the Plaintiffs' retainer agreements.[1]

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite*

---

[1] While this is a joint letter of both parties, Defendants take no position on the reasonableness Plaintiffs' attorneys' fees.

November 12, 2018
Page 5

*Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. Additionally, Plaintiff and his counsel already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low time and expense. Plaintiff's attorneys' lodestar calculation is $8,995.00 in attorneys' fees and $400 in costs. Plaintiff's attorney billing records are annexed as Exhibit C. A brief biography of each attorney who performed billed work in this matter is as follows:

> a. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.
>
> b. Joshua Androphy is a senior attorney at Michael Faillace & Associates. Androphy graduated from Columbia Law School in 2005, where he was a Harlan Fiske Stone Scholar and a managing editor for the Columbia Journal of Law and Social Problems. Following law school, Androphy worked as an associate at Olshan Frome Wolosky LLP, practicing commercial and employment litigation for seven years. Androphy joined Michael Faillace & Associates, P.C. in 2012 and has litigated more than one hundred employment actions. Androphy has been recognized as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017, and 2018. His worked is billed at the rate of $400 per hour and is indicated by the initials "JA."

November 12, 2018
Page 6

      These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. See Perez v. Platinum Plaza 400 Cleaners, Inc., Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

      However, should the Court disagree and find it necessary to reduce the portion of the settlement amount to be applied to Plaintiff's attorneys from that proposed herein, the parties and Plaintiff's attorneys respectfully request that the Court approve the settlement agreement with the maximum distribution to Plaintiff's attorneys that the Court deems appropriate.

      Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

                                  Respectfully submitted,

                                  /s/Joshua S. Androphy
                                  Joshua S. Androphy
                                  MICHAEL FAILLACE & ASSOCIATES, P.C.
                                  Attorneys for the Plaintiffs

Enclosures